TEXAS POLITICAL SUBDIVISIONS PROPERTY/CASUALTY JOINT SELF–INSURANCE FUND, Appellant,

v.

BEN BOLT–PALITO BLANCO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 04–04–00658–CV.

Court of Appeals of Texas, San Antonio.

March 16, 2005.

Rehearing Overruled April 7, 2005.

Judith R. Blakeway, Merritt M. Clements, Stephen T. Dennis, Strasburger & Price, L.L.P., San Antonio, for appellant.

Mark C. Brodeur, Brodeur & Evans, P.L.L.C., Dallas, Roland L. Leon, Atlee M. Parr, Barker, Leon, Fancher & Matthys, L.L.P., Corpus Christi, Nora Barrera Rycroft, Law Office of Nora Barrera Rycroft, Alice, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

PHYLIS J. SPEEDLIN, Justice.

The Texas Political Subdivisions Property/Casualty Joint Self–Insurance Fund ("TPS") appeals from the trial court's order denying their plea to the jurisdiction. We reverse the trial court's order and dismiss Ben Bolt–Palito Blanco Consolidated Independent School District's ("Ben Bolt's") claims against TPS for want of jurisdiction.

### BACKGROUND

TPS is a local government entity comprised of various counties, municipalities, special districts, and other political subdivisions which performs certain governmental functions and services, one of which is the creation of a self-insurance pool. *See* TEX. GOV'T CODE ANN. § 791.003(3), (4)(D) (Vernon 2004). Ben Bolt, a small school district in Jim Wells County, is a member of TPS's self-insurance pool. TPS provides property/casualty insurance to par-

ticipants through an Interlocal Participation Agreement.

In December 2002, Ben Bolt sustained a loss at one of its school facilities giving rise to a claim for mold and water damage. TPS denied Ben Bolt's claim on the basis that the alleged loss was not covered under the parties' insurance contract. Ben Bolt then filed a declaratory judgment action seeking a determination that the loss was covered by the agreement. TPS filed a plea to the jurisdiction and motion to dismiss claiming immunity from suit. The trial court denied TPS's plea to the jurisdiction and TPS filed this interlocutory appeal.

### ANALYSIS

TPS claims on appeal that the trial court erred in denying its plea to the jurisdiction because Ben Bolt's suit is barred by sovereign immunity and should therefore be dismissed. Ben Bolt responds that the discretionary provision of insurance benefits by contract is a proprietary function and that sovereign immunity is therefore inapplicable. In addition, Ben Bolt contends that if sovereign immunity is held to apply, TPS's immunity from suit has been waived by language in the Interlocal Cooperation Act. We agree with TPS that the present action is barred by sovereign immunity and conclude that the trial court therefore lacked jurisdiction to hear the case.

### Standard of Review

To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *County of Bexar v. Steward*, 139 S.W.3d 354, 357 (Tex.App.-San Antonio 2004, no pet.). A party may contest a trial court's subject matter juris-

diction by filing a plea to the jurisdiction. *Travis County v. Pelzel & Assoc., Inc.*, 77 S.W.3d 246, 248 (Tex.2002). We review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Steward*, 139 S.W.3d at 357.

### *Sovereign Immunity*

 As a governmental entity, TPS is entitled to sovereign immunity, which protects the State and its political subdivisions from lawsuits for money damages.[1] *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex.2002). Sovereign immunity encompasses two principles: immunity from liability and immunity from suit. *Gen. Serv. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001); *Norrell v. Gardendale Volunteer Fire Dep't*, 115 S.W.3d 114, 116 (Tex.App.-San Antonio 2003, no pet.). Immunity from liability protects the State and its subdivisions from judgment, even when the legislature has expressly consented to suit. *Little–Tex Insulation Co.*, 39 S.W.3d at 594. Immunity from suit on the other hand, bars a suit against the State absent express consent. *Id.* The legislature can provide consent to sue the State through clear and unambiguous statutory language or a resolution granting express permission for a particular entity to pursue a specific claim. *IT–Davy*, 74 S.W.3d at 854; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Salas v. Wilson Mem'l Hosp. Dist.*, 139 S.W.3d 398, 402–03 (Tex.App.-San Antonio 2004, no pet.). Immunity from suit deprives a trial court of subject matter jurisdiction over a governmental unit, even where liability is undisputed. *Pelzel*, 77 S.W.3d at 248; *Norrell*, 115 S.W.3d at 116.

 It is undisputed in this case that TPS has waived its immunity from liability for breach of contract by entering into a contract with Ben Bolt to provide insurance services. *See Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex.2003); *IT–Davy*, 74 S.W.3d at 855; *Little–Tex Insulation Co.*, 39 S.W.3d at 594. The act of entering into a contract with a private party waives a governmental unit's immunity from liability, but not its immunity from suit. *Catalina Dev., Inc.*, 121 S.W.3d at 705; *IT–Davy*, 74 S.W.3d at 854. Immunity from suit can only be waived by express consent from the legislature.[2] *IT–Davy*, 74 S.W.3d at

---

1. Ben Bolt contends that sovereign immunity is inapplicable in this case because TPS was engaged in a proprietary function by providing insurance benefits on a contractual basis. However, the proprietary/governmental function distinction only applies to municipal corporations. *See Gates v. City of Dallas*, 704 S.W.2d 737, 739 (Tex.1986) ("Proprietary functions are those functions performed by a *city*, in its discretion, primarily for the benefit of those within the corporate limits of the municipality.") (emphasis added); *Hencerling v. Texas A & M Univ.*, 986 S.W.2d 373, 374–75 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (the State can only act in its governmental capacity and the proprietary/governmental distinction applies only to suits against municipalities); George C. Kraehe, *"There's Something About Cities": Understanding Pro-*

*prietary Functions of Texas Municipalities and Governmental Immunity*, 32 Tex. Tech L.Rev. 1, 2 (2000) ("Municipalities are different from all other governmental units in Texas because they are the only governmental units recognized to perform private, as opposed to governmental, functions.").

2. While the Supreme Court indicated in the case of *Federal Sign v. Texas Southern University* that there might be circumstances by which the State could waive its immunity from suit by conduct beyond the simple execution of a contract, the Court has yet to identify such circumstances. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 n. 1 (Tex. 1997); *see also Catalina Dev. Inc.*, 121 S.W.3d at 705 (listing cases in which the Court has considered circumstances urged to constitute waiver by conduct). Further, the Court has

857 ("We again reaffirm that it is the Legislature's sole province to waive or abrogate sovereign immunity."); *Alamo Cmty. Coll. Dist. v. Browning Constr. Co.*, 131 S.W.3d 146, 153 (Tex.App.-San Antonio 2004, pet. filed).

 The party bringing suit against a governmental entity has the burden of affirmatively showing that the trial court has jurisdiction to hear the case, which means that they must establish a clear and unambiguous waiver of immunity from suit by the legislature. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Salas*, 139 S.W.3d at 402. Ben Bolt contends that language in the Interlocal Cooperation Act "envisions suits" and, therefore, constitutes a clear and unambiguous waiver of immunity from suit. We disagree.

 Specifically, Ben Bolt contends that Texas Government Code section 791.012 is indicative of the legislature's intent to allow suits against governmental units. The section provides: "Local governments that are parties to an interlocal contract for the performance of a service may, in performing the service, apply the law applicable to a party as agreed by the parties." TEX. GOV'T CODE ANN. § 791.012 (Vernon 2004). This provision does not contain any language similar to what has been previously held to constitute a clear and effective waiver by the legislature. *See Alamo Cmty. Coll. Dist.*, 131 S.W.3d at 152 (discussing cases where "sue and be sued" language has been held to constitute waiver of sovereign immunity). Some statutory language is conclusive and leaves no doubt as to the legislature's intent. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696–97 nn. 5, 6 (Tex.2003)

(listing examples of statutory language that clearly waives immunity); *see also* TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005) (providing, "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"). However, the Supreme Court has identified factors to assist in determining when a statute that is less explicit still indicates the legislature's intent to waive the State's immunity from suit. *Wichita Falls State Hosp.*, 106 S.W.3d at 697 (noting that finding waiver absent clear and explicit language is rare). In construing a statute to discern a waiver of immunity, the Court has employed the following guidelines: (1) the statute must waive immunity beyond doubt; (2) ambiguities are resolved in favor of immunity; (3) a requirement that the State be joined in a lawsuit for which immunity would otherwise attach indicates an intentional waiver of immunity; and (4) a provision that sets an objective limitation or cap on the State's potential liability also indicates an intent to waive immunity from suit. *Id* at 697–98.

In reviewing the entirety of the Interlocal Cooperation Act, we find no clear indication of the legislature's intent to permit suit against the State. *See* TEX. GOV'T CODE ANN. §§ 791.001–791.032 (Vernon 2004). Not only does the Act contain no clear "sue and be sued" language, there is also no provision requiring that the State be joined in a lawsuit for which immunity would otherwise attach, nor is there any provision establishing a cap on the State's liability under a contract. *See id.* Because we find no language within the statute that waives immunity beyond a doubt, we conclude that any ambiguity must be resolved in favor of TPS's retention of

rejected the contention that accepting the benefits of a contract is sufficient to effect waiver of immunity from suit. *IT–Davy*, 74

S.W.3d at 856–57; *Little–Tex Insulation Co.*, 39 S.W.3d at 598.

immunity from suit. *See Wichita Falls State Hosp.*, 106 S.W.3d at 698–702.

### CONCLUSION

Because Ben Bolt has failed to affirmatively show a clear and unambiguous waiver of the State's immunity from suit, they have also failed to establish the trial court's subject matter jurisdiction to hear the case. Accordingly, we conclude that the trial court erred in denying TPS's plea to the jurisdiction, and we therefore reverse the trial court's order and render judgment dismissing Ben Bolt's claims against TPS.