NUMBER 13-05-528-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


TEXAS ASSOCIATION OF COUNTIES

PROPERTY AND CASUALTY SELF-

INSURANCE FUND, Appellant,


v.



HIDALGO COUNTY, Appellee.

 


On appeal from the 332nd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Memorandum Opinion by Justice Yañez


 

 Appellant, Texas Association of Counties Property and Casualty Self-Insurance
Fund ("TACPC"), appeals from the trial court's order denying its plea to the jurisdiction. (1) 
We reverse the trial court's order and remand the cause for further proceedings.

Background 


 TACPC is a governmental entity comprised of various counties that have created
a self-insurance fund to obtain property and casualty coverage pursuant to interlocal
participation agreements authorized by statute. (2) Appellee, Hidalgo County ("the County"),
sued TACPC for damages arising from an alleged breach of contract. TACPC filed a plea
to the jurisdiction, alleging it is immune from suit. Following a hearing, the trial court denied
the plea to the jurisdiction. This appeal ensued. 

Standard of Review 


 Because jurisdiction is a question of law, we review the trial court's ruling on a plea
to the jurisdiction de novo. (3) We apply the de novo standard to both the granting and denial
of a plea to the jurisdiction. (4) 

 In determining whether jurisdiction exists, rather than looking at the claim's merits,
we look to the allegations in the pleadings, accept them as true, and construe them in favor
of the pleader. (5) We consider the facts alleged in the petition and, to the extent relevant to
the jurisdictional issue, any evidence submitted by the parties to the trial court. (6) It is the
plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. (7) 

Applicable Law


 As the Texas Supreme Court recently clarified:

In Texas, governmental immunity has two components: immunity from
liability, which bars enforcement of a judgment against a governmental entity,
and immunity from suit, which bars suit against the entity altogether. By
entering into a contract, a governmental entity necessarily waives immunity
from liability, voluntarily binding itself like any other party to the terms of
agreement, but it does not waive immunity from suit. "We have consistently
deferred to the Legislature to waive sovereign immunity from suit, because
this allows the Legislature to protect its policymaking function." . . . In sum,
"[i]n the contract-claims context, legislative control over sovereign immunity
allows the Legislature to respond to changing conditions and revise existing
agreements if doing so would benefit the public." To ensure that this
legislative control is not lightly disturbed, a waiver of immunity must be clear
and unambiguous. (8) 


Immunity from suit deprives a trial court of subject matter jurisdiction over a governmental
unit, even where liability is undisputed. (9) The party bringing suit against a governmental
entity has the burden of affirmatively showing that the trial court has jurisdiction to hear the
case, which means that it must establish a clear and unambiguous waiver of immunity from
suit by the legislature. (10) 

Analysis


 TACPC contends that the County failed to establish either by reference to a statute
or express legislative permission, that the legislature consented to the suit. In its response
to the plea to the jurisdiction, the County argued that TACPC waived its immunity to suit
because its bylaws include the power to "sue and be sued." The County cited Missouri
Pacific R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812 (Tex. 1970), in support
of its argument. Similarly, at the August 9, 2005 hearing on the plea, the County also cited
Missouri Pacific and argued that, "[t]he bottom line is, the bylaws has [sic] a clear and
unequivocal waiver of immunity to sue when it says sue and be sued. The Texas Supreme
Court refers to that language to be waiver of immunity to sue. So that's the plea to the
jurisdiction."

 However, in Tooke, the Texas Supreme Court overruled Missouri Pacific. (11) The
court held that because immunity is waived only by clear and unambiguous language, and
because the meaning of phrases such as "sue and be sued" cannot be ascertained apart
from the context in which they occur, such phrases do not, in and of themselves, waive
immunity from suit. (12) The court noted that "sue and be sued" language is used in some
statutes which expressly retain or confer immunity. (13)

 The County also argues that TACPC's immunity to suit is waived by chapter 271 of
the local government code. (14) In 2005, the Texas Legislature passed sections 271.151 to
271.160 of the local government code, which waive local governmental entities' immunity
from suit for breach of contract under certain circumstances and limit damages. Although
the effective date of the new statute was September 1, 2005, it applies to claims arising
under a contract executed before the effective date of the statute if sovereign immunity has
not been waived with respect to the claim before the effective date. (15) The statute was not
briefed or argued to the trial court because it was not in effect prior to the court's ruling on
the plea to the jurisdiction. 

 TACPC argues that subchapter 1 of chapter 271 does not apply to waive its
immunity from suit. TACPC also argues that it was created by interlocal agreement
pursuant to chapter 791 of the government code, which does not contain a clear and
unambiguous legislative waiver of immunity to parties to interlocal agreements. (16)

 The parties did not have the opportunity to address either the supreme court's
opinion in Tooke or chapter 271. The supreme court has determined that a remand is
appropriate in such circumstances. (17) Accordingly, we reverse the trial court's denial of 
TACPC's plea to the jurisdiction and remand the cause for further proceedings. 


 

 LINDA REYNA YAÑEZ,

 Justice





Memorandum opinion delivered and filed 

this the 21st day of December, 2006.

1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006).
2. See Tex. Gov't Code Ann. § 791.011 (Vernon Supp. 2006).
3. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
4. Godley Indep. Sch. Dist. v. Woods, 21 S.W.3d 656, 658 (Tex. App.-Waco 2000, pet. denied) (citing
City of Houston v. Morua, 982 S.W.2d 126, 127 (Tex. App.-Houston [1st Dist.] 1998, no pet.)).
5. See County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
6. Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001).
7. Mission Cons. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.-Corpus Christi 2001, no
pet.).
8. Tooke v. City of Mexia, 197 S.W.3d 325, 332-33 (Tex. 2006) (internal citations omitted).
9. Travis County v. Pelzel & Assoc., Inc., 77 S.W.3d 246, 248 (Tex. 2002). 
10. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); Tex. Political Subdivisions
Propt./Cas. Joint Self-Ins. Fund v. Ben Bolt-Palito Blanco Cons. Ind. Sch. Dist., 163 S.W.3d 172, 176 (Tex.
App.-San Antonio 2005, pet. filed) (citing Tex. Dep't. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001)). 
11. Tooke, 197 S.W.3d at 342.
12. Id. at 338-342.
13. Id. at 340-41.
14. Section 271.152 of the local government code provides:


A local governmental entity that is authorized by statute or the constitution to enter into a
contract and that enters into a contract subject to this subchapter waives sovereign immunity
to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms
and conditions of this subchapter.


See Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005).
15. See Act of May 23, 2005, 79th Leg., R.S., ch. 604, §§ 2-3, 2005 Tex. Gen. Laws 1548, 1549.
16. See Tex. Gov't Code Ann. § 791.011 (Vernon Supp. 2006); see also Tex. Political Subdivisions
Propt./Cas. Joint Self-Ins. Fund, 163 S.W.3d at 176 (holding a local government entity self-insurance fund
retained its immunity to suit because chapter 791 contains no clear indication of legislature's intent to permit
suit). 
17. See Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist., 197 S.W.3d 390, 391 (Tex.
2006).