Wayne NORRELL, Appellant,

v.

GARDENDALE VOLUNTEER FIRE DEPARTMENT, Appellee.

No. 04–03–00145–CV.

Court of Appeals of Texas,
San Antonio.

July 9, 2003.

---

Jeffrey W. Jones, Law Office of Jeffrey W. Jones, San Antonio, for Appellant.

Kevin M. Young, David J. Park and Paul D. Palmer, Prichard, Hawkins & Young, L.L.P., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's dismissal of appellant's lawsuit for lack of jurisdiction. We affirm.

## BACKGROUND

Appellant, Wayne Norrell, was a participant in a NASCAR racing event held at the San Antonio Speedway. Appellee, the Gardendale Volunteer Fire Department ("Gardendale"), was present to provide fire protection services. At some time during the event, a fire occurred in the pit area of the Speedway, and Gardendale responded. The fire truck was driven by Gardendale volunteer Todd McCarthy the wrong way down a one-way street. A door on the back of the truck had been left open by another Gardendale volunteer, Robert Lockwood, III. McCarthy did not activate the truck's siren. In the meantime, Norrell was standing in one of three lanes of the pit road facing the direction from which he expected traffic. As McCarthy drove the truck past Norrell, the open door hit Norrell in the back, injuring him.

Norrell sued McCarthy and Lockwood individually, but later settled his claims against them. Norrell filed a claim against Gardendale, a third-party defendant in the case. Gardendale filed a plea to the jurisdiction, which the trial court granted. This appeal by Norrell ensued.

## WAIVER

Norrell asserts Gardendale waived immunity because its did not plead its affirmative defense prior to the trial court's granting of its plea to the jurisdiction.

■■■■ Sovereign immunity, unless waived, protects the State of Texas from lawsuits for damages absent legislative consent. *General Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001). Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *Id.* Immunity from liability protects the State from judgments, even where there is an express consent on the part of the Legislature to permit a suit. *Id.* Thus, immunity from liability does not affect the trial court's subject-matter jurisdiction. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002). Immunity from liability is an affirmative defense that is waived if not pleaded. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999) (*citing Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex.1988)). Immunity from suit, on the other hand, bars a suit against the State unless the State expressly gives consent to the suit. *Id.; General Servs. Comm'n*, 39 S.W.3d at 594. Immunity from suit, then, deprives a trial court of subject-matter jurisdiction over the governmental unit, even if liability is undisputed. *Travis County*, 77 S.W.3d at 248. A

party may contest a trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Id.; Jones,* 8 S.W.3d at 638–39. Because Gardendale's plea to the jurisdiction was based on its immunity from suit, its plea was a proper vehicle to contest the trial court's subject-matter jurisdiction.

## LIABILITY FOR ACTIONS OF VOLUNTEERS

■■■■ Under certain circumstances, the State or a governmental unit of the State is liable for personal injuries proximately caused by "the wrongful act or omission or the negligence of an employee acting within the scope of his employment." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997). Under the Texas Tort Claims Act ("the Act"), an emergency service organization, such as Gardendale, is a "governmental unit." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(1), (3)(C) (Vernon Supp.2002). The Act defines employee as a person "who is in the paid service of a governmental unit." *Id.* § 101.001(2) (Vernon Supp.2002). In its plea to the jurisdiction, Gardendale alleged that because it was composed entirely of unpaid volunteers, and not employees, section 101.021 did not apply to waive its immunity. We agree.

In *Harris County v. Dillard,* the Texas Supreme Court considered whether a governmental unit is liable for the actions of a person who acts in its behalf, but who is not a paid employee. 883 S.W.2d 166, 167 (Tex.1994). In that case, an off-duty volunteer reserve deputy sheriff pursued a car while he was legally intoxicated. The pursuit ended in a collision, causing the death of one person. The deputy sheriff was later convicted of voluntary manslaughter. During a civil trial, the court instructed the jury that the Act's definition of employee included volunteers. The jury found the deputy sheriff negligent and the trial court rendered judgment against Harris County. The Supreme Court applied the Act's definition of employee for the purpose of waiver and determined that the governmental unit was not liable. *Id.* at 167.

Norrell asserts *Dillard* is inapplicable here because, unlike the reserve deputy sheriff in that case, McCarthy and Lockwood were working for Gardendale at the NASCAR event, and Gardendale was being compensated for rendering its services at the event. Norrell relies on *Smith v. University of Texas,* 664 S.W.2d 180 (Tex. App.-Austin 1984, writ ref'd n.r.e.). In *Smith,* the University of Texas was held liable on the grounds that the actions of the volunteers were not their own actions, but instead, were the actions of the paid University employee who was supervising the volunteers. The *Smith* court relied on the holding in *El Paso Laundry Company v. Gonzales,* 36 S.W.2d 793 (Tex.Civ.App.-El Paso 1931, writ dism'd w.o.j.), which held that an unpaid volunteer worker held the same status as an employee under certain circumstances. However, in *Dillard,* the Supreme Court was critical of any reliance on *El Paso Laundry* because that case "did not involve the statutory definition [of employee] that governs here." *Dillard,* 883 S.W.2d at 167. Also, the *Dillard* court explained that in *Smith* "liability was predicated on the actions of a paid university employee who supervised volunteers, and not on the actions of volunteers themselves." *Id.* Here, Norrell has not raised any claim against a paid employee of Gardendale. For these reasons, Norrell's reliance on *Smith* is misplaced.

McCarthy and Lockwood were both volunteers with Gardendale, and, under the clear language of the Act, we hold that they were not employees of a governmental unit. *Dillard,* 883 S.W.2d at 167. Ac-

cordingly, Gardendale's immunity is not waived under section 101.021.

 Norrell also asserts that Gardendale is not entitled to immunity because the fire truck was operated in violation of laws and ordinances applicable to emergency services. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (Vernon 1997). Finally, Norrell relies on section 101.062 of the Act for his assertion that liability may exist for the actions of a volunteer under the supervision of a public agency providing 9-1-1 emergency services. *See id.* § 101.062(b). Sections 101.055 and 101.062 both require that the actions or omissions be those of an "employee." *See id.* §§ 101.055(2), 101.062(b). As we have stated, McCarthy and Lockwood were not employees of Gardendale. Therefore, sections 101.055 and 101.062 do not apply to waive Gardendale's immunity.

## NEGLIGENT SUPERVISION AND TRAINING

Norrell also asserts his injuries were proximately caused by Gardendale's negligent training and supervision of McCarthy and Lockwood. Norrell contends Gardendale failed to use ordinary care in training and supervising McCarthy and Lockwood in the safe and proper procedures for responding to fire calls and operating the fire truck.

A claim of negligent supervision or training is a distinct cause of action. *Texas Dep't of Public Safety v. Petta,* 44 S.W.3d 575, 581 (Tex.2001); *Young v. City of Dimmitt,* 787 S.W.2d 50, 51 (Tex.1990). However, a causal nexus is required between the operation or use of a motor driven vehicle and a plaintiff's injuries. *See Petta,* 44 S.W.3d at 581. Although Norrell has alleged a casual nexus between his injury and the operation of the fire truck, "[f]ailures in conduct, including the failure to adequately train employees, do

not involve the use of tangible personal property." *San Antonio State Hosp. v. Cowan,* 75 S.W.3d 19, 24 (Tex.App.-San Antonio 2001, pet. granted); *see also Petta,* 44 S.W.3d at 581. Accordingly, Norrell's claim of negligent supervision and training does not invoke the Act's waiver provision.

## CONCLUSION

We overrule Norrell's issues on appeal, and affirm the trial court's order.