Marcus A. GIPSON, Individually and as Representative of the Estate of Gwendolyn Foster, Deceased, Dahgara G. Gibson, Christopher L. Gipson, Shere R. Gibson, Charnessa S. Mitchell, Gawallen V. Rogers, Swahn A. Gibson, Kourtne C. Gibson, Love J. Foster, and Gwyndolyn L. Foster, Individually, Appellants

v.

CITY OF DALLAS, Appellee.

No. 05–07–00628–CV.

Court of Appeals of Texas, Dallas.

March 11, 2008.

Ben C. Martin, Thomas Wm. Arbon, Law Offices of Ben C. Martin, L.L.P., Dallas, TX, for Appellant.

Julie A. Essenburg, City of Dallas Attorney's Office, Dallas, TX, for Appellee.

Before Justices MOSELEY, LANG, and MAZZANT.

## OPINION

Opinion by Justice MOSELEY.

Appellants Marcus A. Gipson, individually and as representative of the estate of Gwendolyn Foster, deceased, Dahgara G. Gibson, Christopher L. Gipson, Shere R. Gibson, Charnesssa S. Mitchell, Gawallen V. Rogers, Swahn A. Gibson, Kourtne C. Gibson, Love J. Foster, and Gwyndolyn L. Foster, individually (the Gipsons), challenge the trial court's order granting the City of Dallas's plea to the jurisdiction and dismissing their lawsuit, in which they alleged a Dallas Fire Rescue unit's negligently failed to respond promptly to a medical emergency. Concluding there is no waiver of governmental immunity under the Texas Tort Claims Act, and therefore, the trial court did not err in granting the City's plea to the jurisdiction, we resolve the Gipsons' issue against them and affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In their second amended original petition, the Gipsons alleged that, in the early morning hours of August 5, 2004, their mother, Gwendolyn Foster, became short of breath. 9-1-1 was called, and Foster waited for an ambulance. When it failed to arrive 13.12 minutes after the call was made, one of Foster's sons drove her to Fire Station No. 24, which was seven blocks from her house at a daylight driving time of one minute, fifteen seconds. Although Foster was treated at the station house and taken to a hospital in Rescue Unit 24, she died the next day.

The Dallas Fire Rescue Department initiated an internal investigation of Rescue Unit 24's response, specifically that of its driver, to Foster's medical emergency. The department's Internal Affairs Section concluded that a 9-1-1 operator dispatched Rescue Unit 24 to Foster's house at 05:14:16 hours, the En Route Key was activated at 05:18:31 hours, and this difference of four minutes and fifteen seconds "constitute[d] an unacceptable delay in getting Rescue 24 underway and en route to [Foster's house]." The investigator concluded that Rescue Unit 24's driver engineer violated City of Dallas Personnel Rule 34–36(b)(5)(A) and certain sections of the Dallas Fire–Rescue Department Manual of Procedures, Volume 2, Rules and Regulations and that he failed to respond or to respond promptly to a medical emergency. The Gipsons cited this investigation in their second amended original petition, in which they alleged that Foster's death was caused by the City's "negligence in the use of tangible personal property and/or a motor driven-vehicle: to wit an ambulance which failed to respond prompt-

ly to a medical emergency." They alleged the City's sovereign immunity was waived pursuant to sections 101.021, .055, and/or .062 of the Texas Tort Claims Act.[1]

The City filed a Plea to the Jurisdiction. The Gipsons filed a response in opposition and attached evidence. After a hearing, the trial court granted the plea to the jurisdiction and dismissed the Gipsons' suit.[2] This interlocutory, accelerated appeal followed. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2007); TEX.R.APP. P. 28.1.

## II. STANDARD OF REVIEW

■■■ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). The existence of subject matter jurisdiction is a question of law. *Id.* at 226. Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). The court should, of course, confine itself to the evidence relevant to the jurisdictional issue. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227–28. However, if the relevant evidence is undis-

puted or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## III. APPLICABLE LAW

■■■ Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits against the State or other governmental units unless the State consents to suit. *Id.* at 224; *Dallas County v. Wadley*, 168 S.W.3d 373, 376 (Tex.App.-Dallas 2005, pet. denied). While sovereign immunity refers to the immunity from suit and liability of the State and the various divisions of state government, governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003). Municipal corporations have traditionally been afforded some degree of governmental immunity for governmental functions, unless that immunity is waived. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291–92 (Tex.1995); *Gates v. City of Dallas*, 704 S.W.2d 737, 739 (Tex.1986). The operation of an emergency ambulance service is a governmental function. TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(18) (Vernon 2005).

■■■ Chapter 101 of the civil practice and remedies code is referred to as the Texas Tort Claims Act. *Id.* § 101.002 (Vernon 2005). Unless the Texas Tort Claims Act waives immunity, a municipality is immune from suit and from tort liability for its own acts or the acts of its agents for its governmental functions. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001); *City of Amarillo v. Mar-*

---

1. The Gipsons also alleged a waiver of governmental immunity pursuant to section 101.022 relating to claims arising from premises and special defects. However, they do not argue that section on appeal, and we do not consider it further.

2. There is no reporter's record in the record on appeal.

*tin,* 971 S.W.2d 426, 427 (Tex.1998); *Guillen v. City of San Antonio,* 13 S.W.3d 428, 432 (Tex.App.-San Antonio 2000, pet. denied); *City of El Paso v. Hernandez,* 16 S.W.3d 409, 415 (Tex.App.-El Paso 2000, pet. denied).

Section 101.021 waives governmental immunity for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)-(2) (Vernon 2005). However, chapter 101, and thus the above waiver of immunity, does not apply to a claim arising from:

the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

*Id.* § 101.055(2) (Vernon 2005). Further, section 101.062, which deals specifically with 9-1-1 services, provides that chapter 101

applies to a claim against a public agency that arises from an action of an employee of the public agency or a volunteer under direction of the public agency and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call *only* if the action violates a statute or ordinance applicable to the action.

*Id.* § 101.062(b) (Vernon 2005).

## IV. DISCUSSION

The Gipsons contend the trial court erred in granting the City's plea to the jurisdiction because the evidence established the Texas Tort Claims Act waives the City's claim to governmental immunity with regard to negligent use of a motor-driven vehicle and tangible personal property, the ambulance, by Rescue Unit 24's actions that violated City of Dallas ordinances and/or the City's employees' conscious indifference.

### A. Waiver under Sections 101.055(2) and 101.062(b)

 The Gipsons argue that sections 101.055(2) and 101.062(b) constitute waivers of governmental immunity independent of and in addition to the waiver set forth in section 101.021. This argument was considered and rejected in *Hernandez,* 16 S.W.3d at 415–16. The El Paso Court of Appeals examined the language of sections 101.055 and 101.062 and decided they lacked the language evidencing the legislature's "clear intent to waive liability independently of section 101.021." *Id.* at 415. In addition, sections 101.055 and 101.062 are located in the "Exclusions and Exceptions" subchapter. The court concluded that these sections provide exclusions and exceptions to the waiver that may exist under section 101.021 by which the governmental unit may retain its sovereign immunity. *See id.* at 415–16; *see also City of Amarillo,* 971 S.W.2d at 428 (discussing

section 101.055(2) as "an exception" to waiver pursuant to section 101.021).

We agree with the reasoning and conclusion set forth in *Hernandez*. We conclude sections 101.055(2) and 101.062(b) are relevant only after the threshold issue of the existence of a waiver of immunity pursuant to section 101.021 is met. Thus, we reject the Gipsons' argument that sections 101.055(2) and 101.062(b) waive governmental immunity independent of and in addition to the waiver provided by section 101.021.

### B. Waiver under Section 101.021

Next, we consider the Gipsons' pleading and the jurisdictional facts to determine whether their claim comes within any area of liability for which immunity is waived under section 101.021. In its plea to the jurisdiction, the City argued the ambulance was never used in response to Foster's call, and the failure to use tangible property is not actionable under the Texas Tort Claims Act.

▮▮▮ The term "arises from" requires "a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment." *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992). This nexus requires more than mere involvement of property; rather, "the [vehicle]'s use must have actually caused the injury." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex.2003) (internal quotations omitted); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). Thus, as with the condition or use of property, the operation or use of a motor vehicle "does not cause injury if it does no more than furnish the condition that makes the injury possible." *Whitley*, 104 S.W.3d at 543; *Bossley*, 968 S.W.2d at 343. "Operation"

refers to "a doing or performing of a practical work"; "use" is defined in the context of this statute as "to put or bring into action or service; to employ for or apply to a given purpose." *LeLeaux*, 835 S.W.2d at 51; *Hernandez*, 16 S.W.3d at 416. Mere non-use of property is insufficient to support a claim under the Texas Tort Claims Act. *Hernandez*, 16 S.W.3d at 416; *see Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex. 1994) ("We have never held that a non-use of property can support a claim under the Texas Tort Claims Act.").

▮▮▮ The Gipsons make no complaint regarding Foster's trip by ambulance from the fire station to the hospital. Rather, their claim arises from the delay in responding to the 9–1–1 call. It is undisputed that Foster was not transported from her home to the fire station by an ambulance in response to a telephone call. Thus, the ambulance did not "actually cause" Foster's injury. *See id.; Brantley v. City of Dallas*, 545 S.W.2d 284, 286–87 (Tex.Civ.App.-Amarillo 1976, writ ref'd n.r.e.) (ambulance responded to emergency call, examined plaintiff, but refused to transport him to hospital; held refusal to transport "not equivalent to an allegation that plaintiff's injuries were proximately caused by negligence arising from the use or operation of a motor vehicle"). Accordingly, there is no nexus between the use or operation of the ambulance and Foster's injury. We conclude that the City's governmental immunity is not waived pursuant to section 101.021(1).

▮▮▮ We also consider the Gipsons' allegations and the evidence to the extent they are directed to any negligence by the driver of Rescue Unit 24 in failing to respond timely to the dispatcher's announcement. Rather than use of the ambulance, this claim relates to the non-use or mis-use of dispatch information. However, "infor-

mation is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex.2001) (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex.1994)). Accordingly, we conclude that the City's governmental immunity is not waived pursuant to section 101.021(2).

## V. CONCLUSION

Having concluded that the City retains governmental immunity pursuant to section 101.021(1) and (2), we need not address whether the exceptions to the waiver of immunity pursuant to sections 101.055(2) and 101.062(b) apply here. We resolve the Gipsons' issue against them and affirm the trial court's order granting the City's plea to the jurisdiction and dismissing the Gipsons' lawsuit.