**Opinion filed April 12, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00304-CV

_____

## WEST ODESSA VOLUNTEER FIRE DEPARTMENT, INC., Appellant

## V.

## E. ROMAN CONTRERAS AND MARTINA CONTRERAS ET AL., Appellees

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-138,033**

## O P I N I O N

This appeal concerns a claim of governmental immunity. Ruben Contreras and Samantha Alexis Escamilla were fatally injured when the motorcycle they were riding upon collided with a parked brush truck owned and operated by the West Odessa Volunteer Fire Department. Appellees, E. Roman Contreras and Martina Contreras, brought a wrongful death and survival action against the Department

alleging that it negligently caused the death of Ruben Contreras.[1] Intervenors, Steven Escamilla and Stephanie Escamilla, joined Appellees' suit against the Department, asserting a wrongful death and survival action alleging that the Department negligently caused the death of Escamilla.[2]

The Department filed a traditional motion for summary judgment and plea to the jurisdiction asserting that the claims asserted by Appellees and Intervenors were barred by immunity. The trial court denied the motion. The Department brings this interlocutory appeal of the trial court's denial of its motion for summary judgment and plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2017) (permitting an appeal of an interlocutory order granting or denying a plea to the jurisdiction by a governmental unit). We reverse and render.

*Background Facts*

Two members of the Department, Shane Alletto and Dakota Gibson, responded to an accident on Interstate 20 and Farm to Market Road 1936 in a Department "brush fire truck." Prior to arriving at the scene of the accident, Alletto and Gibson received a call from Captain Jason Cotton of the Odessa Fire Department requesting their assistance to divert traffic off of Interstate 20. In order to divert traffic, Alletto parked the Department's brush truck across both lanes of the interstate, perpendicular to traffic, with the lights turned on. Contreras and Escamilla were riding a motorcycle on Interstate 20, and they collided with the brush truck, resulting in their deaths.

---

[1]We will refer to E. Roman Contreras and Martina Contreras as "Appellees." They sued the Department in the following capacities: individually, as personal representatives of the Estate of Ruben Contreras, deceased, and on behalf of all wrongful death beneficiaries.

[2]We will refer to Steven Escamilla and Stephanie Escamilla as "Intervenors." They sued the Department in the following capacities: as natural parents and sole surviving heirs of Samantha Alexis Escamilla, on behalf of her estate, and as grandparents and sole managing conservators of Trinity Reigh Escamilla Soto, the surviving minor child of Samantha Alexis Escamilla.

Appellees sued the Department alleging that it was liable for its members' act of negligently parking the Department's brush truck across Interstate 20. Appellees included an allegation in their pleadings that Alletto and Gibson were employees of the Department acting within the scope of their employment and, as such, the Department was statutorily liable as a governmental unit under Section 101.021(1) of the Texas Civil Practice and Remedies Code. *See* CIV. PRAC. & REM. § 101.021 (West 2011). Intervenors essentially made the same arguments in their pleadings, but they also asserted that the Department acted intentionally, knowingly, or recklessly.

The Department filed a traditional motion for summary judgment and plea to the jurisdiction asserting that it was immune from suit because Alletto and Gibson were volunteers rather than employees. After a hearing, the trial court denied the motion and the Department appealed.

*Analysis*

In one issue on appeal, the Department asserts that the trial court erred in denying its motion for summary judgment and plea to the jurisdiction because it is an emergency service organization, which is a governmental unit under the Texas Tort Claims Act. *See* CIV. PRAC. & REM. § 101.001(1)(A), (3)(c). As such, the Department contends that its immunity from suit is only waived to the extent permitted by Section 101.021 of the Act. The Department asserts that immunity from suit is only waived under Section 101.021 for the acts and omissions of an employee of a governmental unit. The Department contends that the negligent acts and omissions alleged by Appellees and Intervenors were committed by volunteers, not employees. Accordingly, the Department asserts that there is no waiver of its governmental immunity for the claims asserted by Appellees and Intervenors.

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money

3

damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The State retains sovereign immunity from suit to the extent that immunity has not been abrogated by the legislature. *See Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). "Governmental immunity operates like sovereign immunity to afford similar protection to political subdivisions of the State, including counties, cities, and school districts." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)).

Governmental immunity encompasses both immunity from suit and immunity from liability. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit completely bars actions against governmental entities unless the legislature expressly consents to suit. *Id.* Immunity from suit deprives the courts of subject-matter jurisdiction and thus completely bars the plaintiff's claims. *Wichita Falls State Hosp.*, 106 S.W.3d at 696. Because sovereign/governmental immunity from suit defeats a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject-matter jurisdiction is a legal question that we review de novo. *Id.* at 226; *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

Texas courts generally defer to the legislature to waive immunity because the legislature is better suited to address the matter. *See Reata*, 197 S.W.3d at 375. For a statute to effectuate a waiver of immunity, the legislative intent to waive immunity must be expressed in clear and unambiguous language. *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009); *Tooke*, 197 S.W.3d at 328–29; *see* TEX. GOV'T CODE ANN. § 311.034 (West 2013) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear

4

and unambiguous language."). The Texas Tort Claims Act provides a limited waiver of immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Breedlove*, 168 S.W.3d at 865.

A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding his allegation of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27; *see Garcia*, 372 S.W.3d at 635. The Department is primarily presenting an evidentiary challenge to the existence of jurisdictional facts. Specifically, the Department is challenging the allegation that the accident was caused by employees of the Department. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. As noted by the court in *Miranda*, this standard mirrors that of a traditional motion for summary judgment. *Id.*; *see* TEX. R. CIV. P. 166a(c).

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). When reviewing a traditional motion for summary judgment, we review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and

resolve any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

This appeal presents three questions for our consideration: (1) Is the Department a governmental unit entitled to immunity? (2) Did the Department conclusively establish that Alletto and Gibson were not employees of the Department? (3) Does the Texas Tort Claims Act waive immunity for the Department if Alletto and Gibson were not employees of the Department?

*The Department is a Governmental Unit Entitled to Governmental Immunity*

Appellees[3] contend that the Department failed to conclusively establish that it is a governmental unit protected by governmental immunity. *See* Civ. Prac. & Rem. §§ 78.102, 78.103 (West 2017) (volunteer fire departments are only liable to the extent that a county would be liable under the Texas Tort Claims Act while involved in or providing an emergency response). The Texas Tort Claims Act includes an "emergency service organization" as a "governmental unit" that is entitled to governmental immunity. Civ. Prac. & Rem. § 101.001(3)(C). The Act's definition of an "emergency service organization" includes a volunteer fire department that is operated by its members and exempt from state taxes as an exempt organization under two provisions of the Tax Code. Civ. Prac. & Rem. § 101.001(1)(A); s*ee* Civ. Prac. & Rem. § 78.101(2).

Appellees challenge the Department's evidence that it is an emergency service organization under the Act. The Department's evidence included an affidavit from its fire chief, Jimmy Ellis, wherein he stated that the Department is a nonprofit organization that is operated by members and organized to provide an emergency response. Ellis also stated that the Department is exempt from state sales tax and

---

[3]Appellees present the bulk of the arguments that are addressed in this opinion. We have noted below the only argument that the Intervenors are asserting on appeal.

franchise tax. The Department also attached a letter from the Comptroller of Public Accounts declaring that the Department is exempt from franchise tax and sales and use tax. Appellees contend that the trial court erred in overruling their written objections to these items of summary judgment evidence.

Evidence offered in support of or in opposition to a summary judgment motion must be in admissible form to constitute competent summary judgment evidence. *See* TEX. R. CIV. P. 166a(f). In addition, there is no difference between the standards for evidence that would be admissible in a summary judgment proceeding and those applicable at a regular trial. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). We apply an abuse of discretion standard in reviewing a trial court's evidentiary rulings. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski, M.D. v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). Further, an appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43.

Appellees objected to Ellis's affidavit on the basis that it contained unsubstantiated opinions or conclusions and was "never proven to be within his personal knowledge." Texas Rule of Civil Procedure 166a(f) provides that affidavits must be based on personal knowledge, must set forth facts as would be admissible in evidence, and must show that the affiant is competent to testify as to the matters set forth therein. TEX. R. CIV. P. 166a(f). Ellis stated in his affidavit that "[t]he facts stated herein are of my own personal knowledge and are true and correct." Ellis also stated that he served as the Department's fire chief. This statement provided a basis for finding that he had personal knowledge of the statements in question. *Bosque Asset Corp. v. Greenberg*, 19 S.W.3d 514, 519 (Tex. App.—Eastland 2000, pet.

7

denied). Accordingly, the trial court did not abuse its discretion by overruling Appellees' objection on these grounds to Ellis's affidavit.

Appellees also assert that the trial court erred in overruling their objection to the letter from the Texas Comptroller of Public Accounts regarding the Department's tax status because it was not properly authenticated. The Department contends that the letter was self-authenticated. We agree with the Department. Documents bearing the seal of a political subdivision of the State and a "signature purporting to be an execution or attestation" are self-authenticated. TEX. R. EVID. 902(1). The letter from the Comptroller is written on the Comptroller of Public Accounts letterhead, it includes the seal of State for the Office of the Comptroller, and it is electronically signed by an employee at the Comptroller's office. Therefore, the letter was properly authenticated and the trial court did not err in overruling Appellees' objection.

Rule 166a(c) permits a summary judgment to be "based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). Ellis's statements that the Department is a volunteer fire department that is operated by its members and exempt from state taxes as an exempt organization are clear, direct, and readily controvertible. *See* CIV. PRAC. & REM. § 101.001(1)(A). Furthermore, Ellis's statements pertaining to the status of the Department are supported by the letter from the Comptroller of Public Accounts. Accordingly, the summary judgment evidence conclusively established that the Department is a governmental unit entitled to governmental immunity. *See Norrell v. Gardendale Volunteer Fire Dep't*, 115 S.W.3d 114, 117 (Tex. App.—San Antonio 2003, no pet.) (reaching the same conclusion with respect to a volunteer fire department composed entirely of unpaid volunteers); *see also Freer Volunteer Fire Dep't v. Wallace*, No. 04-16-00373-CV,

2016 WL 5795164, at \*2 (Tex. App.—San Antonio Oct. 5, 2016, no pet.) (mem. op.).

*The Department Established that Alletto and Gibson*
*Were Not Employees of the Department*

Appellees alleged in their pleadings that the Department was liable under Section 101.021(1) of the Texas Tort Claims Act.  This section provides that a governmental unit of the State is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of *an employee* acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law.

CIV. PRAC. & REM. § 101.021 (emphasis added).  It is well established that subsection (1) of Section 101.021 requires an act or omission to be committed by an employee acting within the scope of his employment as a prerequisite to liability. *DeWitt v. Harris Cty.*, 904 S.W.2d 650, 653 (Tex. 1995); *Gardendale*, 115 S.W.3d at 117.  As noted in *Gardendale*, a volunteer fire department has governmental immunity under Section 101.021(1) if it is composed entirely of unpaid volunteers because the Act defines an employee as a person "who is in the paid service of a governmental unit."  115 S.W.3d at 117; *see* CIV. PRAC. & REM. § 101.001(2).

Ellis stated in his affidavit that every firefighter of the Department is a volunteer and that none of them received a salary or other compensation.  He specifically stated that Alletto and Gibson are unpaid volunteer firefighters. Appellees' objections to Ellis's affidavit extend to these statements.  We have already determined that the trial court did not err in overruling Appellees' objections

to Ellis's affidavit. Specifically, Ellis's status as the chief of the Department establishes that he had sufficient knowledge regarding the status of the Department's firefighters.[4] The Department also attached excerpts from Alletto's deposition. Alletto testified that he was serving as a volunteer firefighter at the time of the accident and that he did not receive any compensation for being a volunteer firefighter.

Appellees contend that, at least, Alletto was an employee of the Department because he was provided life insurance coverage through the Department.[5] Appellees base this contention on deposition testimony from Alletto wherein he stated that Ellis told him that the Department's volunteers had life insurance. However, Alletto did not know who paid for the life insurance, the name of the insurance company, or the amount of coverage.

The San Antonio Court of Appeals addressed a similar contention in *Freer*. The volunteer firefighter in *Freer* was paid a stipend for each emergency run and training session he attended. 2016 WL 5795164, at *2. Citing the Fair Labor Standards Act, the court concluded that the stipend did not convert the volunteer firefighter into an employee. *Id.*; *see* 29 C.F.R. § 553.106(a), (e). The Fair Labor Standards Act expressly provides that "[v]olunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof, for their service without losing their status as volunteers." 29 C.F.R. § 553.106(a). As was the case in *Freer*, the summary judgment record does not establish that the Department's

---

[4]Appellees also objected to three paragraphs in Ellis's affidavit on the basis that they constituted inadmissible hearsay. These three paragraphs (nos. 10–12) are not relevant to our disposition of this appeal. Accordingly, we do not reach Appellees' hearsay objection.

[5]Appellees additionally assert that a fact question exists regarding Gibson's status because he was fifteen years old and the Department's bylaws require a member of the Department to be eighteen. However, Appellees successfully challenged the admissibility of the Department's bylaws as a part of the summary judgment evidence. Accordingly, we do not consider Appellees' contention because the bylaws are not part of the summary judgment record available for our consideration.

provision of life insurance benefits to its volunteer firefighters affected their status as volunteers. Accordingly, the summary judgment evidence establishes that Alletto and Gibson were volunteers rather than employees of the Department.

*The Texas Tort Claims Act Does Not Waive Immunity for the Department Because Alletto and Gibson Were Not Employees of the Department*

Both Appellees and Intervenors assert that the Department's immunity under the Texas Tort Claims Act is waived even if Alletto and Gibson were not employees. They base this assertion on Section 101.021(2). Section 101.021 provides in its entirety as follows:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

CIV. PRAC. & REM. § 101.021. Subsection (1) makes reference to an employee acting within the scope of his employment. Thus, subsection (1) clearly requires the involvement of an employee of a governmental unit in order to impose liability for claims brought under the subsection pertaining to motor-driven equipment. However, subsection (2) does not expressly reference an employee for claims arising from the use of tangible personal property. Based upon this omission, Appellees and Intervenors[6] assert that unlike subsection (1), liability under subsection (2) is not

---

[6]This is the only assertion raised by the Intervenors in their appellate brief.

dependent on the actions of an employee. Appellees and Intervenors assert that immunity is waived under subsection (2) because the use of the fire truck also constituted the use of tangible personal property. We disagree with Appellees' and Intervenors' analysis.

The Texas Supreme Court addressed Section 101.021(2) in *DeWitt*. 904 S.W.2d at 652–53. *Dewitt* involved a claim that a deputy for Harris County caused an accident through his use of tangible personal property. *Id.* at 651. Individually, the deputy had official immunity.[7] *Id.* at 652. The court analyzed whether Harris County's governmental immunity existed under Section 101.021(2) if the deputy involved in the incident had official immunity. *Id.* at 653. The court held that Harris County's governmental immunity was not waived under Section 101.021(2) if the employee had official immunity. *Id.* at 654. The court reached this conclusion by determining that the waiver of governmental immunity provided under Section 101.021(2) is predicated on the respondeat superior liability of the governmental unit for the acts of an employee. *Id.* at 653. The court concluded that the parameters of respondeat superior liability under Section 101.021(1) (i.e., "of an employee acting within his scope of employment") also applied to Section 101.021(2) for the use of tangible personal property even though that language is absent from Section 101.021(2). *Id.*; *see Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 50 (Tex. 2015) ("Quite plainly, in *DeWitt* we held that the inclusion of the 'use' language [in Section 101.021(2)] was meant to impose liability for the

---

[7]As noted by the court in *DeWitt*, sovereign immunity and official immunity are to be distinguished. Official immunity protects individual officials from liability; sovereign immunity protects governmental entities from liability. *DeWitt*, 904 S.W.2d at 653 (citing *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex. 1994)). Official immunity inures to all governmental employees who perform discretionary functions in good faith and within their authority. *Id.* at 652 (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)).

negligent actions *of an employee* based on principles of respondeat superior." (emphasis added)).

The Texas Supreme Court subsequently addressed Section 101.021(2) in *Bishop v. Texas A&M Univ.*, 35 S.W.3d 605 (Tex. 2000). A student that was accidentally stabbed in a school theatrical production sued the university asserting that the school's faculty advisors were acting as university employees and that they were negligent in their use of tangible personal property. *Id.* at 606. Following the holding in *DeWitt*, the court analyzed whether the faculty advisors were university employees versus volunteers with respect to their role in sponsoring the theatrical production. *Id.* at 606–07. The court concluded that the faculty advisors were employees and therefore that Section 101.021(2) waived the university's immunity. The analysis undertaken by the court in *Bishop* of "employee versus volunteer" is significant to this appeal for this reason: if Appellees' and Intervenors' position that sovereign/governmental immunity is waived under Section 101.021(2) for the acts of a volunteer, there would have been no need for the court in *Bishop* to determine whether the faculty advisors were employees. Thus, a governmental entity can only be liable for the use of tangible personal property under Section 101.021(2) by and through the use of an employee using the property.

Appellees also contend that the Department is liable under the Texas Tort Claims Act because Alletto and Gibson were acting under the direction of Cotton, a paid employee of the City of Odessa Fire Department. They rely on *Smith v. University of Texas* in support of this position. 664 S.W.2d 180 (Tex. App.—Austin 1984, writ ref'd n.r.e.). In *Smith*, liability against the university was predicated on the actions of a paid university employee who supervised volunteers. *Id.* at 181. The Austin Court of Appeals concluded that immunity for the university was waived for the manner in which its paid employee supervised the volunteers. *Id.* *Smith* is distinguishable from the facts in this case because Appellees are not suing the City

13

of Odessa for Cotton's actions. *See Harris Cty. v. Dillard*, 883 S.W.2d 166, 167 n.2 (Tex. 1994).

Appellees also assert that a material issue of fact exists regarding the Department's liability under Section 101.062. *See* CIV. PRAC. & REM. § 101.062(b). This statute provides:

> This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency or a volunteer under direction of the public agency and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action.

*Id.* Appellees contend that there is a fact issue as to whether Alletto or Gibson violated a criminal statute in the manner in which they parked the Department's brush truck on the interstate. Appellees additionally contend that Section 101.062(b) constitutes a waiver of sovereign immunity. We disagree with this interpretation of the statute.

The Beaumont Court of Appeals addressed a similar contention in *City of Dayton v. Gates*, 126 S.W.3d 288 (Tex. App.—Beaumont 2004, no pet.). The court considered whether Section 101.062 expands the waiver of governmental immunity set out in Section 101.021 to allow claims arising out of the action of a 9-1-1 emergency volunteer. *Id.* at 291. The court rejected the requested expansion of Section 101.021 on the basis that a statute that waives immunity must do so clearly and unambiguously. *Id.* at 292–94 (citing GOV'T § 311.034). The court concluded that Section 101.062(b) does not clearly and unambiguously waive governmental immunity and, therefore, does not expand the waiver of immunity in Section 101.021. *Id.* at 293 (citing *City of El Paso v. Hernandez*, 16 S.W.3d 409, 415–16 (Tex. App.—El Paso 2000, pet. denied) (holding Section 101.062 does not clearly and unambiguously waive sovereign immunity of a governmental unit)); *see Gipson v. City of Dallas*, 247 S.W.3d 465, 470 (Tex. App.—Dallas 2008, pet.

denied). We agree with the analysis of the Beaumont, El Paso, and Dallas Courts of Appeals that Section 101.062(b) does not expand the waiver of immunity in Section 101.021.

*Conclusion*

The summary judgment evidence conclusively establishes that the Department's immunity as an all-volunteer fire department is not waived under the Texas Tort Claims Act. Accordingly, the trial court erred in denying the Department's motion for summary judgment and plea to the jurisdiction. We sustain the Department's sole issue on appeal. With respect to the correct disposition, Appellees assert that we should remand the matter in order to allow them the opportunity to amend their pleadings. However, we have determined that the Department has conclusively negated the existence of a jurisdictional fact. Accordingly, a remand would not be proper. *See Miranda*, 133 S.W.3d at 227.

*This Court's Ruling*

We reverse the trial court's order, and we render judgment that the underlying cause against the Department is dismissed for lack of jurisdiction.

JOHN M. BAILEY
JUSTICE

April 12, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[8]

---

[8]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.