

# NUMBER 13-17-00673-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE ROEL GARCIA,                                                    Appellant,

v.

JESSE ROBERT PEREZ AND SOUTH TEXAS
EMERGENCY CARE FOUNDATION, INC.,                         Appellees.

## On appeal from the 445th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Longoria and Perkes
## Memorandum Opinion by Chief Justice Contreras

Appellant Jose Roel Garcia appeals from a judgment in his suit against appellees

Jesse Robert Perez and South Texas Emergency Care Foundation, Inc. (STEC).  The

jury awarded Garcia $369,800.56 in damages and $3,039.66 in pre-judgment interest,

but the trial court capped the award at $100,000.  By two issues, which we construe as

one, Garcia argues that the trial court erred when it capped the jury's damage award. We affirm.

## I. BACKGROUND

Perez, an EMT, was driving an ambulance owned by STEC when he lost control of the vehicle. The ambulance went off the northbound lane of Interstate 37 and struck Garcia, who was operating a road grader. Garcia sustained bodily injuries as a result of the collision.

On July 18, 2016, Garcia sued appellees for negligence, negligence per se, and gross negligence, and he sought to recover damages for the personal injuries he suffered. In their answer to Garcia's suit, appellees asserted that they were "entitled to immunity under the Texas Tort Claims Act [(TTCA)] as a matter of law." Garcia filed a motion for partial summary judgment on January 31, 2017, and argued that "[t]he summary judgment evidence . . . conclusively establishes that because [STEC] is not a volunteer emergency service organization it is not entitled to immunity." The trial court denied the motion. Garcia sought review of the denial of this motion for summary judgment via a purported interlocutory appeal, but this Court dismissed the appeal for want of jurisdiction. *See Garcia v. Perez*, No. 13-17-00135-CV, 2017 WL 4684067, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2017, no pet.) (mem. op.) (holding that this Court lacked jurisdiction to review the interlocutory order because the TTCA does not provide that "emergency service organizations" are entitled to immunity).

Garcia's suit proceeded to trial. After Garcia rested his case, appellees moved for a directed verdict and argued that Garcia's damages were capped at $100,000 because STEC is an "emergency service organization" as defined under the TTCA. *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 101.023(d); *see also id.* § 101.001(1) (defining "emergency service organization"). The trial court denied the motion. Appellees then presented testimony from several witnesses, including William Aston, the executive director of STEC. Aston explained that STEC began in 1975 as a community-wide effort to improve healthcare at the pre-hospital level and began operating in 1979 after collecting donations and support. He stated STEC is an emergency services provider that serves as the 9-1-1 emergency provider for a large portion of Cameron County and numerous cities. According to Aston, STEC is a non-profit and charitable organization operated by its members, its board is made up solely of volunteers, and it is exempt from state taxes. STEC's employees, however, are paid. Aston's testimony was uncontroverted, and the record also includes: the articles of incorporation of STEC, which provide that STEC is a non-profit corporation; and a certificate from the Secretary of State, which certifies that STEC is a non-profit corporation.

The jury returned a verdict in favor of Garcia for $359,800.56 plus pre-judgment interest, but the trial court capped appellees' liability at $100,000 and entered a judgment for that amount. This appeal followed.

## II.    DISCUSSION

By his sole issue, Garcia argues that the trial court erred when it capped the damages award at $100,000. However, we note that Garcia's appellate brief does not present an argument congruent with the issue he presents; instead, it focuses primarily on Garcia's pre-trial motion for summary judgment, which the trial court denied.

Regarding the trial court's decision to cap the damage award at $100,000, Garcia seems to argue that the applicable statute providing a cap on a damage award applies

3

only to "volunteer" emergency medical service providers and that STEC is not a "volunteer" emergency medical service provider.

"The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The TTCA generally waives governmental immunity for liability arising from the use of a motor vehicle by an employee of a governmental unit when the employee was acting within the scope of his or her employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *Garcia*, 253 S.W.3d at 655–56. The TTCA includes an "emergency service organization" as a "governmental unit" for which immunity is waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(1), (3)(C); *W. Odessa Volunteer Fire Dep't, Inc. v. Contreras*, 549 S.W.3d 203, 209 (Tex. App.—Eastland 2018, no pet.); *Norrell v. Gardendale Volunteer Fire Dep't*, 115 S.W.3d 114, 117 (Tex. App.—San Antonio 2003, no pet.); *see also Gipson v. City of Dallas*, 247 S.W.3d 465, 469 (Tex. App.—Dallas 2008, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(18)) ("The operation of an emergency ambulance service is a governmental function."). The TTCA further provides that damages awarded against an "emergency service organization" are capped at $100,000. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.023(d) (providing that "liability of an emergency service organization under this chapter is limited to money damages in the amount of $100,000 for each person . . . .").

An "emergency service organization" is defined under the TTCA as "a volunteer fire department, rescue squad, or an emergency medical services provider that is (i) operated by its members; and (ii) exempt from state taxes by being listed as an exempt

4

organization under Section 151.310 or 171.083 [of the] Tax Code . . . ." *Id.* § 101.001(1); *see also* TEX. TAX. CODE ANN. § 171.083 (providing that "[a] *nonprofit* corporation that is organized for the sole purpose of and engages exclusively in providing emergency medical services, including rescue and ambulance services, is exempted from the franchise tax") (emphasis added). Garcia's argument is premised on the idea that an emergency medical services provider that is not operated by volunteer members is not covered by the statute's definition of "emergency service organization." We disagree.

When the only issue presented for review is one of statutory construction, involving purely legal determinations, the proper standard of review is de novo. *Pac. Emp'rs Ins. v. Torres*, 174 S.W.3d 344, 346 (Tex. App.—El Paso 2005, no pet.). In construing a statute, our goal is to give effect to the Legislature's intent as expressed in the language of the statute. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 892 (Tex. 2000). To do so, we consider the statute's language, history, and purposes and the consequences of alternate constructions. *Cash Am. Int'l, Inc. v. Bennet*, 35 S.W.3d 12, 16 (Tex. 2000); *see* TEX. GOV'T CODE ANN. § 311.023. When construing a statute, words and phrases are read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a).

We start by giving the statute its plain and literal meaning. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Garcia's argument misconstrues the statute by reading the word "volunteer" to modify "emergency medical services provider." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(1). If the word "volunteer" was intended to modify "rescue

5

squads" and "emergency medical services providers" in addition to "fire departments," the indefinite article "an" would not appear before "emergency medical services provider" in the statute. Thus, the plain language of the statute states that "an emergency service provider" is included in the definition of "emergency service organization" if (1) it is operated by its members and (2) exempt from state taxes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(1); *Zorrilla*, 469 S.W.3d at 155–56. The legislative history also supports this construction. The bill analysis from the 1997 amendment to this section of the TTCA states:

> [House Bill 2169] adds to the definition of a governmental unit under [§ 101.023] the term 'emergency service organization,' a term which encompasses volunteer fire departments, rescue squads and *non-profit*/volunteer emergency service medical providers. Their liability is capped in a similar fashion to other governmental units.

House Comm. on Civ. Practices, Bill Analysis, Tex. H.B. 2169, 75th Leg., R.S. (1997) (emphasis added). Thus, we conclude that Garcia's argument that STEC is not an emergency service organization because it is not operated by volunteer members is not supported by the statute. Accordingly, we reject this argument.

Here, Aston testified that STEC is operated by its members and exempt from state taxes, as the statute requires for an entity to qualify as an "emergency service organization." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(1). Garcia does not cite any evidence controverting Aston's testimony in this regard; he only argues that STEC was not operated solely by volunteers. *See id.*; *see also Cypress Creek Emergency Med. Srvs., Inc. v. Cosby*, No. 09-06-00399-CV, 2007 WL 685569, at *3–5, 8 (Tex. App.—Beaumont Mar. 3, 2007, pet. denied) (mem. op.). Therefore, the evidence established that STEC is an emergency service organization entitled to the damages cap, and the trial court did not err when it limited the jury's damages award to $100,000. *See* TEX. CIV.

6

PRAC. & REM. CODE ANN. § 101.001(1); *cf. Contreras*, 549 S.W.3d at 210; *see also Cosby*, 2007 WL 685569 at *3–5, 8.

To the extent that Garcia complains on appeal of the trial court's ruling on his pre-trial motion for partial summary judgment, we note that a party cannot appeal a trial court's denial of a summary judgment motion after a trial on the merits. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *Cullum v. White*, 399 S.W.3d 173, 188–89 (Tex. App.—San Antonio 2011, pet. denied).

> [W]hen we have a case in which a motion for summary judgment is overruled and thereafter . . . the suit is removed from the trial court docket . . . following a conventional trial on the merits, a different situation is presented. In such instances a review of the overruled motion for summary judgment could result in judgments which would be patently unjust. Motions for summary judgment do not always disclose all the facts relating to a case and the same may be said as to answers and defenses to such motions. Generally, the facts are more fully developed upon a conventional trial than they are by the affidavits and depositions relied upon to support or defeat a motion for summary judgment.

*Ackermann*, 403 S.W.2d at 365. Therefore, we reject Garcia's arguments based on the trial court's denial of his pre-trial motion for partial summary judgment. *See Lancer Ins. v. Garcia Holiday Tours*, 345 S.W.3d 50, 59 (Tex. 2011); *Ackermann*, 403 S.W.2d at 365.

We overrule Garcia's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed the
23rd day of May, 2019.