

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00373-CV

**FREER VOLUNTEER FIRE DEPARTMENT**,
Appellant

v.

April **WALLACE**, Individually and as Next Friend of G.W.,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-13-208
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  October 5, 2016

REVERSED AND RENDERED

Freer Volunteer Fire Department ("FVFD") appeals the trial court's order denying its plea

to the jurisdiction asserting the evidence conclusively established its immunity and the trial court

erred if it denied the plea on the basis that FVFD was estopped to assert its immunity. We reverse

the trial court's order and dismiss the underlying cause for lack of jurisdiction.

BACKGROUND

In 2011, Martin Martinez, Jr. was driving an ambulance owned by FVFD in the course of transporting a suspected heart attack patient to a hospital. Martinez and a vehicle driven by April Wallace collided in an intersection. Wallace's daughter was a passenger in Wallace's vehicle.

In May of 2013, Wallace filed an original petition naming Martinez and the City of Freer as defendants and alleging Martinez's negligence caused injuries to Wallace and her daughter. Martinez filed an answer containing a plea to the jurisdiction asserting he was acting in the course and scope of his employment as a volunteer fireman for FVFD; therefore, he was immune from suit.

In July of 2013, Wallace filed a first amended petition adding FVFD as an additional defendant. FVFD filed an answer containing a plea to the jurisdiction also asserting Martinez was acting in the course and scope of his employment as a volunteer fireman for FVFD; therefore, FVFD was immune from suit. In October of 2013, Wallace filed a second amended petition dropping the City of Freer as a defendant.

In November of 2013, Martinez and FVFD filed a joint motion to dismiss Martinez pursuant to section 101.106(e) of the Texas Tort Claims Act ("Act") which provides if a suit is filed "against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). Although the motion made reference to Martinez being a "volunteer employee," the motion asserted the trial court was required to dismiss Martinez from the suit because FVFD "is a governmental unit under the definitions within the statute; and [Martinez] is an employee of that governmental unit, who was acting within the course and scope of his employment, responding to an emergency at the time of the accident forming the basis of

Plaintiffs' claims." Although no hearing was held on Martinez's and FVFD's joint motion, Wallace filed a third amended petition in January of 2014, dropping Martinez as a defendant.

In February of 2016, FVFD filed a plea to the jurisdiction asserting immunity from suit. Wallace filed a response to the plea, asserting Martinez was a paid employee of FVFD. In the alternative, Wallace asserted FVFD should not be allowed to assert Martinez was not an employee based on the representations FVFD made in the joint motion to dismiss Martinez. The trial court held a hearing on FVFD's plea and allowed both parties to file briefs in support of their positions.

In its trial brief, FVFD asserted Martinez was a volunteer and was not in the paid service of FVFD despite a $7 to $8 stipend Martinez was paid for each "emergency run" and for each training session Martinez attended. FVFD also asserted no hearing was held on the joint motion, and the statements made in the joint motion were not judicial admissions.

It her trial brief, Wallace asserted the statements FVFD made in its joint motion at the very least raise a fact issue as to whether Martinez was an employee of FVFD. Wallace further asserted FVFD admitted Martinez was its employee in the joint motion to dismiss.

After reviewing the briefs, the trial court signed an order denying FVFD's plea. FVFD appeals.

## STANDARD OF REVIEW

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). "Whether a court has subject matter jurisdiction is a question of law." *Id*. at 226. When, as in this case, "a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Id*. at 227. If the evidence raises a fact question regarding the jurisdictional issue, the trial court cannot grant the plea. *Id*. at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact

question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id*. at 228. In reviewing the evidence, "we take as true all evidence favorable to the nonmovant," indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id*.

### IMMUNITY BASED ON MARTINEZ'S STATUS AS A VOLUNTEER

As a volunteer fire department, FVFD is an emergency service organization included within the Act's definition of governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(1)(A), (3)(C) (West Supp. 2016). Under the Act, a governmental unit's immunity is waived for personal injury proximately caused by the negligence of an employee acting within his scope of employment if the injury arises from the operation or use of a motor-driven vehicle. *Id*. at § 101.021(1)(A). Employee is defined as a person who is in the paid service of the governmental unit. *Id*. at § 101.001(2). Under the Act's definition, a volunteer is not an employee. *See Norrell v. Gardendale Volunteer Fire Dep't*, 115 S.W.3d 114, 117 (Tex. App.—San Antonio 2003, no pet.); *see also City of Dayton v. Gates*, 126 S.W.3d 288, 293 (Tex. App.—Beaumont 2004, no pet.).

In her trial brief,[1] Wallace asserted Martinez was not a volunteer because he was paid a stipend for each emergency run and attending training sessions. Under the Fair Labor Standards Act, "[v]olunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof, for their service without losing their status as volunteers." 29 C.F.R. § 553.106(a). "Individuals do not lose their volunteer status if they receive a nominal fee from a public agency" which may include "the payment of a nominal amount on a 'per call' or similar basis to volunteer firefighters." *Id*. at § 553.106(e). One Texas appellate court considered the question and held a

---

[1] Wallace did not file an appellee's brief.

payment of two or three dollars for responding to a fire call and for attending weekly meetings did not rise to the level of "paid service" as that term is used in the Act's definition of employee. *See Ramirez v. Cty. of Live Oak*, No. 13-02-611-CV, 2005 WL 167308, at *3-4 (Tex. App.—Corpus Christi Jan. 27, 2005, no pet.) (mem. op.). Similarly, we conclude Martinez did not lose his status as a volunteer based on the nominal amounts he was paid by FVFD for each "emergency run" and attending training sessions.

Next, Wallace asserted FVFD's reference to Martinez as an employee in the joint motion to dismiss Martinez from the underlying lawsuit raises a fact issue regarding his status. We disagree. Whether Martinez met the statutory definition of an employee is based on the facts presented. Wallace's argument regarding FVFD's reference in the joint motion may give rise to an estoppel-type argument but the reference does not change the underlying facts. We next consider the effect of the joint motion.

### WAIVER-BY-CONDUCT EXCEPTION TO IMMUNITY

In her trial brief, Wallace essentially argued because FVFD referred to Martinez as an employee in its joint motion to dismiss, FVFD waived its immunity by conduct. FVFD counters the trial court would have erred if it denied FVFD's plea based on estoppel or election of remedies.

The Texas Supreme Court has rejected the invitation to recognize a waiver-by-conduct exception to immunity in a breach of contract action. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011). The court noted "[c]reating a waiver-by-conduct exception would force the State to expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign immunity's protections—and this would defeat many of the doctrine's underlying policies." *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 857 (Tex. 2002). Following this lead, intermediate appellate courts have refused to recognize such an exception with regard to any type of claim. *S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435

S.W.3d 414, 422 (Tex. App.—Fort Worth 2014, no pet.) (noting "the supreme court and other appellate courts have consistently rejected waiver-by-conduct arguments with respect to sovereign or governmental immunity" and refusing to apply waiver-by-conduct exception to promissory estoppel claim); *Gentilello v. Univ. of Tex. Sw. Health Sys.*, No. 05-13-00149-CV, 2014 WL 1225160, at *5 (Tex. App.—Dallas Mar. 24, 2104, pet. denied) (declining "to establish a waiver-by-conduct exception to sovereign immunity for any cause of action, whether based on a breach of contract or not"); *Ficke v. Ratliff*, No. 03-13-00136-CV, 2014 WL 857212, at *1 (Tex. App.—Austin Feb. 27, 2014, pet. denied) (noting "Texas courts have consistently declined to recognize a waiver-by-conduct exception to governmental immunity absent a set of facts so egregious as to shock the conscience of even the staunchest defender of governmental immunity"); *Ahmed v. Tex. Tech Univ. Health Sci. Ctr. Sch. of Med. at Amarillo*, No. 07-11-00176-CV, 2013 WL 265076, at *6 (Tex. App.—Amarillo Jan. 23, 2013, no pet.) (refusing to recognize a waiver of immunity from suit through inequitable conduct); *but see Tex. S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 907-08 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (concluding governmental entity waived immunity by conduct under "extraordinary factual circumstances" where entity "lured" plaintiff into contract and then disclaimed any obligation on contract). Although this court has not foreclosed the possibility of such an exception, this court has noted such a waiver would require "'exceptional' equitable circumstances." *See Webb Cty. v. Khaledi Props., Ltd.*, No. 04-12-00251-CV, 2013 WL 3871060, at *2-3 (Tex. App.—San Antonio July 24, 2013, no pet.) (holding conduct did not give rise to waiver "assuming a waiver of immunity by conduct doctrine is viable in Texas").

In the instant case, the joint motion to dismiss referred to Martinez as both a volunteer employee and an employee. Wallace amended her pleadings to drop Martinez as a defendant. Although we do not condone the procedure FVFD used in the instant case, we cannot conclude

the procedure gives rise to such "'exceptional' equitable circumstances" as to justify this court's adoption of a waiver-by-conduct exception to FVFD's immunity. *See id.*

## CONCLUSION

The trial court's order is reversed, and the underlying cause against FVFD is dismissed for lack of jurisdiction.

Sandee Bryan Marion, Chief Justice