

# NUMBER 13-20-00315-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN WESTON ROADES,                                            **Appellant,**

**v.**

LISA HENDERSON, INDIVIDUALLY
AND AS INDEPENDENT ADMINISTRATRIX
OF THE ESTATE OF STEVEN PAUL
HENDERSON, KINSLEY HENDERSON,
KOALE JAKS, AND ROBERT POPP,                      **Appellees.**

## On appeal from the 329th District Court
## of Wharton County, Texas.

# OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Opinion by Justice Hinojosa**

Appellees Lisa Henderson, individually and as independent administratrix of the

estate of Steven Paul Henderson; Kinsley Henderson; Koale Jaks; and Robert Popp sued

appellant John Weston Roades for negligence. Roades filed a motion to dismiss the suit, which the trial court denied. In three issues, which we treat as one, Roades argues the trial court erred in denying his motion because he was entitled to dismissal pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. PRAC. & REM. CODE ANN. § 101.106(f). We affirm.

## I. BACKGROUND

Steven,[1] Popp, and Roades were volunteer firefighters for the Louise Volunteer Fire Department (LVFD), located in Wharton County, Texas. In their petition, appellees allege that on October 7, 2019, Steven and Popp "were returning back to the fire station in an [LVFD] vehicle when they stopped on FM 647." According to the petition, Roades, who was traveling in his personal vehicle, struck the two, killing Steven and severely injuring Popp. Appellees sued Roades for negligence.

Roades answered the suit, and he later filed a motion to dismiss pursuant to § 101.106(f) of the civil practice and remedies code. *See id.* Roades argued that he was entitled to dismissal because: (1) he was an employee of a governmental unit; (2) he was acting in the general scope of employment at the time of the accident; and (3) the claim could have been brought against LVFD under the TTCA. *See id.* Accordingly, Roades contended that the suit was against him in his official capacity only and that LVFD was the proper defendant. *See id.*

Appellees filed a response, arguing that § 101.106(f) did not apply to their suit because: (1) Roades provided no evidence showing that LVFD is a governmental unit;

---

[1] We refer to Steven Paul Henderson by his first name to avoid confusion as he shares a surname with two of the appellees.

(2) Roades was not acting within the general scope of his employment because he was travelling home; (3) Roades was not an employee of LVFD but a volunteer; and (4) the claim could not have been brought against LVFD under the TTCA. Appellees attached the Texas Highway Patrol crash report to its response which stated that Roades was travelling home at the time of the accident.

Roades filed a reply to appellees' response, arguing that LVFD is a governmental unit under the TTCA because it meets the definition of an "emergency service organization." *See id.* § 101.001(1)(A), (3)(C). Roades also argued he was acting in the general scope of his employment because he was leaving the scene of a fire. Roades maintained his status as a volunteer did not preclude the application of § 101.106(f) because a volunteer firefighter is entitled to the immunities and defenses afforded by the TTCA pursuant to § 78.104 of the civil practice and remedies code. *See id.* § 78.104. Finally, Roades contended that as a governmental unit, LVFD was subject to suit under the TTCA. Roades attached the following exhibits to his reply: (1) the LVFD Articles of Incorporation; (2) a report from the Texas Secretary of State identifying LVFD as a non-profit corporation; and (3) his own affidavit.

In his affidavit, Roades testified that he was a volunteer firefighter with LVFD. He stated that on October 7, 2019, he responded to the scene of a fire located near FM 647. Roades asserted that "once the fire was under control, [he] departed the scene of the fire and traveled . . . toward [his] home in [his] personal vehicle." Roades stated that while "traveling southbound on FM 647, [he] unintentionally struck [Popp] and [Steven] with [his] vehicle."

3

Following a non-evidentiary hearing, the trial court denied Roades's motion to dismiss. Roades now appeals. *See id.* § 51.014(a)(5).

## II. DISCUSSION

### A. Standard of Review & Applicable Law

The TTCA includes a comprehensive election-of-remedies scheme that requires plaintiffs to sue either the governmental unit or its employee individually, not both. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106; *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 536–37 (Tex. 2017). As applicable here, the statute provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). Section 101.106(f) completely "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of his employment." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). A defendant must establish the following to be entitled to dismissal: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the TTCA against the governmental unit. *See id.*

"A motion to dismiss filed by an employee of a governmental unit pursuant to [§] 101.106(f) is a challenge to the trial court's subject-matter jurisdiction, which we review *de novo*." *Fryday v. Michaelski*, 541 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.]

4

2017, pet. denied); *see Franka*, 332 S.W.3d at 371 n.9 (explaining that a defendant moving for dismissal pursuant to § 101.106(f) is asserting a claim of governmental immunity). Statutory interpretation is a question of law, which we also review de novo. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017); *Pisharodi v. Columbia Valley Healthcare Sys., L.P.*, 622 S.W.3d 74, 86 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.). "Our fundamental goal when reading statutes 'is to ascertain and give effect to the Legislature's intent.'" *Cadena*, 518 S.W.3d at 325 (quoting *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)). We first look to the plain meaning of a statute's words to determine legislative intent "unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.* (citing *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014)). We read words and phrases in context and construe them according to the rules of grammar and common usage. *Id.*; *see* TEX. GOV'T CODE ANN. § 311.011.

## B.    Employee

Roades argues that he established each element required to trigger dismissal under § 101.106(f). *See* TEX. PRAC. & REM. CODE ANN. § 101.106(f). Because it is dispositive, we first address whether Roades meets the TTCA's definition of employee. The TTCA defines an "employee" as:

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

5

*Id.* § 101.001(2).

A volunteer is not considered an "employee" under the TTCA because they are not in the governmental entity's paid service. *See Harris County v. Dillard*, 883 S.W.2d 166, 167 (Tex. 1994) (holding that a volunteer reserve deputy sheriff is not an employee under the TTCA); *see also Ramirez v. County Of Live Oak*, No. 13-02-611-CV, 2005 WL 167308, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 27, 2005, no pet.) (mem. op.) *City of Dayton v. Gates*, 126 S.W.3d 288, 293 (Tex. App.—Beaumont 2004, no pet.); *Norrell v. Gardendale Volunteer Fire Dep't*, 115 S.W.3d 114, 117 (Tex. App.—San Antonio 2003, no pet.). However, Chapter 78 of the civil practice and remedies code affords certain protections for volunteer fire departments and firefighters. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 78.001–.151. In particular, "[a] volunteer fire fighter is . . . liable for damages . . . only to the extent that an employee providing the same or similar services for a county would be liable" and is "entitled to the exclusions, exceptions, immunities, and defenses applicable to an employee of a county under [the TTCA] and other statutory or common law." *Id.* § 78.104. But these protections apply only to "damages for personal injury, death, or property damage . . . arising from an error or omission of . . . a volunteer fire fighter *while involved in or providing an emergency response* as a member of a volunteer fire department." *Id.* § 78.102 (emphasis added). An "emergency response" is defined as "a response involving fire protection or prevention, rescue, emergency medical, or hazardous material response services." *Id.* § 78.101(1). Thus, a volunteer firefighter is considered an employee under the TTCA "while involved in or providing" a "response involving fire protection or prevention, rescue,

6

emergency medical, or hazardous material response services." *Id.* §§ 78.101(1), 78.102, 78.104.

Whether the TTCA's election-of-remedies provision applies to a volunteer firefighter is an issue of first impression that requires this Court to interpret the relevant statutory provisions. We first observe that the Legislature did not include travel from the scene of a fire within the definition of "emergency response." *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) ("We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted."). Next, we note that the Legislature included the term "while" to limit the application of Chapter 78. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 78.102. "To determine a [statutory] term's common, ordinary meaning, we typically look first to dictionary definitions." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). As used in § 78.102, the term "while" means "during the time that," *While*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/while (last visited February 22, 2022), or "during or in the time that." *While*, DICTIONARY.COM, https://www.dictionary.com/browse/while (last visited February 22, 2022). Here, by Roades's own account, "the fire was under control" and he was travelling home in his personal vehicle when the accident occurred. Thus, it is undisputed that Roades was not involved in or providing an emergency response during or at the time of the accident. Accordingly, Roades is not entitled to the "exclusions, exceptions, immunities, and defenses" applicable to an employee under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 78.101(1), 78.102, 78.104.

7

For the foregoing reasons, we conclude that Roades has not established that he can be considered an employee of a governmental unit as required to invoke dismissal under § 101.106(f). *See Franka*, 332 S.W.3d at 381. Therefore, the trial court did not err in denying his motion to dismiss. *See Michaelski*, 541 S.W.3d at 348.[2] We overrule Roades's sole issue.

### III.   CONCLUSION

We affirm the trial court's order.

LETICIA HINOJOSA
Justice

Delivered and filed on the
17th day of March, 2022.

---

[2] Because our conclusion regarding this element is dispositive, we need not consider whether Roades established the other requirements of § 101.106(f). *See* TEX. PRAC. & REM. CODE ANN. § 101.106(f); TEX. R. APP. P. 47.1.

8